**FILED**

Mar 06 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            s/ melindaw            DEPUTY

Lance Johnson

1637 E Valley Parkway, #120

Escondido, CA 92027

760-586-1928

mjgjlj@gmail.com

### UNITED STATE DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

Lance Johnson                                    )
  Plaintiff, ProSe'                          )
                        )
LVNV funding , Defendant                  )     Case No:   **'23 CV 0412 WQH AGS**
Credit One, Co-Defendant                   )
Bryan Faliero, Co-Defendant              )     Trail By Jury **[DEMANDED]**
Daniel J. Picciano III, Co-Defendant   )
                        )
                        )

### PLAINTIFF'S STATEMENT OF CLAIM
### STATEMENT UPON WHICH RELIEF CAN BE GRANTED

    COMES NOW the Plaintiff, Lance Johnson. The Plaintiff at all times is is a resident of the state of California and the County of San Diego. As such establishing the jurisdiction of this honorable Court under 15 USC 1692k(d) and 28 USC 1331.

    Plaintiff respectfully submits Plaintiff's Statement of Claim and Statement Upon Which relief can be Granted

### Statement of Claim

1) The Defendants LVNV funding LLC, Bryan Faliero  and Daniel J. Picciano II herein known as "The Defendants"

2) The Defendants are 3rd Party Debt collectors located in Las Vegas,NV , as such is governed under the law by The Fair Debt Collection Practices Act 15 USC §1601, *et seq*.

3) The Defendants are credit lenders and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit reporting agencies.

4) The State of California  abides by and adheres to these laws Specifically Fair Credit

Reporting Act 15 USC §1681, et seq and FDCPA and §1681p of the FCRA.

5) The Defendants are governed under these laws.

6) The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, *the alleged debt is not in question here*. But the fact as to how it was or was not validated and wrongful actions of the Defendants to collect violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1601, et seq, the Fair Credit Reporting Act 15 USC §1681, et seq., and.

7) The Defendant failed to provide validation of the alleged Debt.

8) On from March 2019 – today the Defendants has been reporting inaccurate and erroneous information to the Credit-reporting agencies.
Plaintiff disputed.

9) On from March 2023 – I pulled my Credit to refinance my mortgage only to see the Defendant still reporting on my credit. the Defendants has been reporting inaccurate and erroneous information to the Credit-reporting agencies. Plaintiff disputed.

**Count I- FDCPA (15 usc 1692 ) -Attempting to Collect Debt without validation
All Defendants each in their individual capacity**

10) The Fair Debt Collection Practices Act prohibits "debt collector[s]" from making false or misleading representations and from engaging in various abusive and unfair practices. The Act says, for example, that a "debt collector" may not use violence, obscenity, or repeated annoying phone calls, 15 U. S. C. § 1692d; may not falsely represent "the character, amount, or legal status of any debt," § 1692e(2)(A); and may not use various "unfair or unconscionable means to collect or attempt to collect" a consumer debt, § 1692f. Among other things, the Act sets out rules that a debt collector must follow for "acquiring location information" about the debtor, § 1692b; communicating about the debtor (and the *293 debt) with third parties, § 1692c(b); and bringing "[l]egal actions," § 1692i. The Act imposes upon
"debt collector[s]" who violate its provisions (specifically described) "[c]ivil liability" to those whom they, e. g., harass, mislead, or treat unfairly. § 1692k. The Act also authorizes the Federal Trade Commission (FTC) to enforce its provisions. § 1692l (a). The Act's definition of the term "debt collector" includes a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." § 1692a(6). And, it limits "debt" to consumer debt, i. e., debts "arising out of . . . transaction[s]" that "are primarily for personal, family, or household purposes." § 1692a(5).

11) On or about February 15, 2022 the plaintiff sent a letter of validation/dispute and revocation of consent to call to the Defendants and co-defendants asking to provide proof of the alleged debt. The Plaintiff sent this by certified US Mail return receipt requested. (EX-A- Proof of dispute Letter received)

12) The Defendant received this on February 25, 2022. As of today's date, there has been no response from the Defendant in this matter. From March 3, 2021 to today, the Defendants has not validated the debt.

13) The Defendants have not validated the debt yet continue to attempt to collect.

14) The Defendant violated FDCPA. [15 U.S.C. § 1601 et seq]

15) Plaintiff demands judgment in the amount of ten dollars ($1,000.00)

16)    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 14 herein above.

### Count II- FCRAP-reporting inaccurate and erroneous information-
### All Defendants each in their individual capacity

17) Reporting erroneous and inaccurate information. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681-s-2]
(a) Duty of furnishers of information to provide accurate information. Prohibition.
(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows of consciously avoids knowing that the information is inaccurate.
(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if (I) **the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and**
(ii) the information is, in fact, inaccurate.

Duty to correct and update information. A person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such**

**information is disputed by the consumer.** (b) Duties of furnishers of information upon notice of dispute. (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681 I] of a dispute regarding the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 6.

18) No proof of any account/debt has been received from co-Defendants to indicate any proof of any alleged debt.

19) On or about February 15, 2022, the plaintiff sent a letter of validation/dispute and revocation of consent to call to the Defendants and co-defendants asking to provide proof of the alleged debt. The Plaintiff sent this by certified US Mail return receipt requested. (EX-A- Proof of dispute Letter received)

20) The Defendant received this on February 25, 2022. As of today's date, there has been no response from the Defendant in this matter. From March 3, 2021, to today The Defendants have been reporting derogatory information on my account despite not answering dispute letter.

21) The Defendants are persons furnishing information to the Bureaus. The Defendants were willful attempted reported inaccurate and erroneous information since March 2021 to today.

22) The Defendant violated Section 623 of the the FCRA reporting erroneous and inaccurate information. [15 U.S.C. § 1681-s-2]

23) Plaintiff demands judgment in the amount of ten dollars ($120,000.00)

24)    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 22 herein above.

COUNT III- "Defamation" 28 US code 4101 (1)-
**All Defendants each in their individual capacity**

25) Defendants reported false information as true to the Credit bureaus.

26) The Defendant still has not validated the debt or proved any debt is owed to them.

27) The Defendant knowingly reported this false information every month since July 2017 to today.

28) This false information has damaged my credit score for years.

29) The Plaintiff has not been able to Obtain loans and financing from some creditors.

30) The Plaintiffs low credit score has cause me to be denied credit due to this false

information.

31) Plaintiff demands Judgment for $20,000.00

32) Plaintiff re-alleges the allegations set forth in paragraphs 1 through 31 hereinabove.

33) **WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act, Plaintiff demands judgment in the amount of $140,000.00 for their violations of the FCRA, plus all costs of this action along with punitive damages in the amount of $50,000.00 or as the court may allow along with Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401,7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)* .

## <u>STATEMENT UPON WHICH RELIEF CAN BE GRANTED</u>

34)    A settlement agreement between the Plaintiff and the Defendant that the Defendant shall

35)    remove any derogatory information and inquiries from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis and any other known credit reporting agencies (defendants name) has used now or may use in the future.

36)    Defendant must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff.

37)    The Defendant will be barred now or in the future from selling or transferring of the alleged account to any other lender, collection agency or attorney or entity and barred now and in the future from re-entering this information into the Plaintiffs credit reports.

38)    The Defendant must cease and desist any further collection activities if applicable against the Plaintiff and the Defendant may not sell or transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.

39)    Payment of $141,000.00 for their violations

40)    Private Attorney General fees must be paid to the Plaintiff.

41)    Damages as allowed by the Court.

Respectfully submitted this 3rd day of March 2023.

_____    3-6-2023

Plaintiff ProSe'
1637 E. Valley Parkway, 120
Escondido, CA 92027
760-586-1928

1
2

## CERTIFICATE OF SERVICE

3   I hereby certify that a copy of the forgoing complaint Lance Johnson vs. LVNV funding et.al Was mailed by
4   US certified mail #            by the clerk of the court/delivered to name of defendant at the following address: PO Box 1269, Greenville SC, 29602
5

6   _____
   Plaintiff ProSe'
7   1637 E. Valley Parkway, 120
   Escondido, CA 92027
8   760-586-1928

9

## CERTIFICATE OF SERVICE

10
11   I hereby certify that a copy of the forgoing complaint Lance Johnson vs. BRYAN FAILERO et.al Was mailed by
12   US certified mail #            by the clerk of the court/delivered to name of defendant at the following address: PO Box 1269, Greenville SC, 29602
13

14   _____
   Plaintiff ProSe'
15   1637 E. Valley Parkway, 120
16   Escondido, CA 92027
   760-586-1928
17

## CERTIFICATE OF SERVICE

18
19   I hereby certify that a copy of the forgoing complaint Lance Johnson vs. DANIEL PICCIANO III et.al Was mailed by
20   US certified mail #            by the clerk of the court/delivered to name of defendant at the following address: PO Box 1269, Greenville SC, 29602
21

22   _____
   Plaintiff ProSe'
23   1637 E. Valley Parkway, 120
   Escondido, CA 92027
24   760-586-1928
25

26

27   **EX A**
   **(Validation Letter and proof of Delivery)**
28

Lance Johnson
1637 East Valley Parkway, #120
Escondido, CA 92027

LVNV funding
Bryan Failero
Daniel J. Picciano III
PO BOX 1269, Greenville, SC 29602


To Management Named As: Bryan Failero and Daniel J. Picciano III

I am requesting the verification of a negative item, in pursuit to the Fair Debt Collections Practices Act, 15USC 1692 Sec.809 (b).  You are required under the above named titled and section, to show your lawful authority to collected on an alleged debt claim; I am requesting the following items:

- The name and  address of the original creditor
- A copy of the original contract between myself and the original creditor.
- The original application for this account with my signature.
- A copy of the agreement authorizing your company to collected on their behalf of the original creditor.
- FULL detailed accounting history on the account and the calculations on how they reached the amount owe.
- Provide verification on any judgments connected to this account.
- Provide your license to collect in my state and your registered agent name with their address.
- Please show proof that the Statue of Limitations has not expired in my state for this account.
- Provide the date of the last payment on this account.

Please provide the answer to this request in writing within 30 days or I will be force to take legal actions.

Thank you for your cooperation.
Lance Johnson


**U.S. Certified Mail Number 7021 0350 0001 5444 3337**

4