UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE JOHNSON, pro se,<br><br>                Plaintiff,<br><br>v.<br><br>LVNV FUNDING; CREDIT ONE;<br>BRYAN FALIERO; and DANIEL<br>J. PICCIANO III,<br><br>                Defendants. | Case No.: 23-cv-00412-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motions to Dismiss filed by Defendants LVNV Funding, Daniel Picciano, and Bryan Faliero. (ECF Nos. 7-9.)

**I.   PROCEDURAL BACKGROUND**

    On March 6, 2023, Plaintiff Lance Johnson initiated this action by filing a pro se Complaint, bringing three claims against Defendants LVNV Funding, Credit One, Picciano, and Faliero for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and defamation. (ECF No. 1.)

On April 13, 2023, Defendants LVNV Funding, Picciano, and Faliero (hereinafter "Defendants") filed their Motions to Dismiss.[1] (ECF Nos. 7-9.) Defendants Picciano and Faliero request dismissal of the claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). All three Defendants further request dismissal of the FDCPA cause of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 1, 2023, Plaintiff filed a consolidated Response in opposition to the Motions to Dismiss. (ECF No. 11.) On May 8, 2023, Defendants each filed Replies. (ECF Nos. 12-14.)

## II.   ALLEGATIONS IN THE COMPLAINT

Defendants are "3rd Party Debt collectors" and "credit lenders" located in Las Vegas, Nevada. (ECF No. 1 ¶¶ 2, 3.) Plaintiff is an individual who has never had "any contractual agreement for credit, loans or services relationship" with Defendants. *Id.* ¶ 6. Beginning in March 2019, Defendants "report[ed] inaccurate and erroneous information to the Credit-reporting agencies" regarding an "alleged debt" that Plaintiff "dispute[s]" and "denies."[2] *Id.* ¶¶ 6, 8.

On or about February 15, 2022, Plaintiff "sent a letter of validation/dispute and revocation of consent to call" to Defendants by certified mail, requesting that Defendants "provide proof of the alleged debt." *Id.* ¶ 11. Defendant LVNV Funding received the letter on February 25, 2022, but has not responded, "validated the debt," or otherwise provided proof of the debt. *Id.* ¶ 12. Defendants continue to "knowingly report [ ] inaccurate and erroneous information," which has "damaged [Plaintiff's] credit score for years." *Id.* ¶¶ 27-28. As a result of "this false information," Plaintiff "has not been able to Obtain loans and financing" and has been "denied credit." *Id.* ¶¶ 29-30.

---

[1] The docket reflects that Plaintiff has not filed proof of service as to Defendant Credit One and Defendant Credit One has not otherwise appeared in this action. This Order does not address any claims against Defendant Credit One.

[2] In other sections of the Complaint, Plaintiff alleges Defendants began reporting the inaccurate information in March 2021, *see* ECF No. 1 ¶¶ 20-21, and July 2017, *see id.* ¶ 27.

Attached as exhibits to the Complaint are Plaintiff's credit reports from March 25, 2019, and February 2, 2023—reflecting a reported debt of $1,350 owed to Defendant LVNV Funding beginning in 2017—and tracking information for an item delivered to Defendant LVNV Funding on February 20, 2022. (*See* ECF No. 1-2.)

Plaintiff brings three claims against each Defendant: (1) attempting to collect debt without validation in violation of the FDCPA; (2) reporting inaccurate and erroneous information in violation of the FCRA; and (3) defamation. Plaintiff requests injunctive relief, damages, fees, and costs.

## III.  DEFENDANTS PICCIANO AND FALIERO'S MOTIONS TO DISMISS (ECF Nos. 8, 9)

Defendants Picciano and Faliero contend the Court lacks personal jurisdiction over them because "Plaintiff's Complaint does not allege that [they have] any contacts with the forum state whatsoever." (ECF No. 8 at 8-9; ECF No. 9 at 9.) Defendants Picciano and Faliero further contend the FDCPA claim should be dismissed for failure to state a claim.

Plaintiff does not directly address the jurisdictional challenge but contends Defendant LVNV Funding acted "under the direction and control" of its "officer[s]/employee[s]," Defendants Picciano and Faliero. (ECF No. 11 at 2.) Plaintiff further contends the Complaint adequately states a claim for relief under the FDCPA.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "The plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts" in its pleadings and affidavits "to withstand the motion to dismiss." *Id.* "Although the plaintiff cannot simply rest on the bare allegations of its complaint," uncontroverted allegations are taken as true and

3

conflicts over statements contained in affidavits are resolved in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted).

As an initial matter, Plaintiff's failure to address Defendants Picciano and Faliero's jurisdictional challenge in his Response provides a sufficient basis for the Court to dismiss the claims against those Defendants for lack of personal jurisdiction. *See, e.g., Pacific Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (holding an argument was waived because a party failed to raise the argument in its opposition brief). However, in light of the Court's obligation to "construe pro se pleadings liberally," *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995), and because Plaintiff clearly disputes Defendants' other bases for dismissal, the Court will consider the issue of personal jurisdiction on the merits.

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). "Because California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution, our inquiry centers on whether exercising jurisdiction comports with due process." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (quotation omitted). "Federal due process permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has 'at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 801). "Those contacts may be so continuous and systematic as to render a defendant essentially at home in the forum state and amenable to any suit there." *Id.* "Alternatively, a court may exercise jurisdiction over 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

564 U.S. 915, 919 (2011)). "The Supreme Court has referred to these different bases for personal jurisdiction as 'general' and 'specific' jurisdiction." *Id.* at 1106-07.

In this case, the Complaint alleges Defendants, while located in Nevada, "report[ed] inaccurate and erroneous information to the Credit-reporting agencies" regarding an "alleged debt" that Plaintiff "dispute[s]" and "denies." (ECF No. 1 ¶¶ 6, 8.) The Complaint further alleges Defendant LVNV Funding received a letter from Plaintiff disputing the debt but has not responded, "validated the debt," or otherwise provided proof of the debt to Plaintiff. *Id.* ¶ 12. The exhibits attached to the Complaint demonstrate that Defendant LVNV Funding began reporting the disputed debt to credit reporting agencies no later than March 2019 and continued reporting the debt until at least February 2023. (*See* ECF No. 1-2 (Plaintiff's credit reports from March 25, 2019, and February 1, 2023, showing a debt reported by "LVNV Funding LLC").)

The Court assumes for the purpose of this Order that Plaintiff's allegations are sufficient to establish specific jurisdiction over Defendant LVNV Funding.[3] However, the Complaint does not establish personal jurisdiction over Defendants Picciano and Falerio because it is completely devoid of any allegations concerning those Defendants' roles in the challenged conduct or their relationships to Defendant LVNV Funding. *See Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("[J]urisdiction over each defendant must be established individually.")

In his Response, Plaintiff asserts for the first time that Defendants Picciano and Faliero are "officer[s]/employee[s]" of Defendant LVNV Funding. (ECF No. 11 at 2-3.) In their own briefing, Defendants Picciano and Faliero likewise admit they are "managers" of Defendant LVNV Funding. (*See* ECF No. 8 at 5; ECF No. 9 at 5.) However, even construing these statements as if they had been made in a properly-submitted affidavit, Defendants Picciano and Faliero's employment relationships with

---

[3] Defendant LVNV Funding did not raise a challenge to personal jurisdiction in its motion to dismiss.

Defendant LVNV Funding are not sufficient to establish personal jurisdiction over them based on the acts of Defendant LVNV Funding.[4] *See Glob. Commodities Trading Grp.*, 972 F.3d at 1109 ("We do not impute a corporation's forum contacts to each of the corporation's employees."); *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("[A] corporate officer can be subject to jurisdiction based on his own sufficient individual contacts with the forum.").

The Court concludes Plaintiff has not carried his burden of making a prima facie showing that the Court has personal jurisdiction over Defendants Picciano and Faliero. All claims against Defendants Picciano and Faliero are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).[5]

## IV.   DEFENDANT LVNV FUNDING's MOTION TO DISMISS (ECF No. 7)

Defendant LVNV Funding requests dismissal of the first claim for violation of the FDCPA. Defendant LVNV Funding contends the Complaint "is void of any actual factual allegation that [Defendant] LVNV Funding engaged in any action that would constitute debt collection" under the FDCPA because "[t]he entirety of Plaintiff's factual allegations constituting his [FDCPA claim] are that [Plaintiff] sent a letter to Defendants … and did not receive a response." (ECF No. 7 at 3.) Defendant LVNV Funding contends the applicable statute of limitations bars Plaintiff's FDCPA claim because Plaintiff had knowledge of the FDCPA claim on February 15, 2022, when he allegedly sent a letter to Defendants.

---

[4] Plaintiff further asserts in his Response that Defendants Picciano and Faliero "direct and control" Defendant LVNV Funding's debt collection operations and "[c]ontinue to instruct [Defendant LVNV Funding] to report" the disputed debt to the credit reporting agencies. (ECF No. 11 at 2-3.) However, these statements do not support the assertion of jurisdiction because there is no indication that the statements are based on Plaintiff's personal knowledge. *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (permitting a verified complaint to function as an affidavit only if it is "based on personal knowledge and set[s] forth specific facts admissible in evidence").

[5] The Court does not reach Defendants Picciano and Faliero's other arguments for dismissal of the FDCPA claim.

Plaintiff contends Defendant LVNV Funding's alleged reporting of inaccurate information to credit bureaus constitutes "an attempt to collect a debt" because "[r]eporting will stop only if the alleged debt is paid." (ECF No. 11 at 2.) Plaintiff contends the statute of limitations does not bar his claims because Defendant LVNV Funding continues to report the debt.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The FDCPA contains a number of provisions regulating debt collection practices, including restrictions on the collection of consumer location information and communication with consumers and third parties, *see* 15 U.S.C. §§ 1692b and 1692c; prohibition of various forms of abusive, deceptive and unfair conduct, *see id.* §§ 1692d, 1692e, and 1692f; and notice requirements and dispute procedures, *see id.* § 1692g. While the Complaint summarizes the various provisions of the FDCPA, (*see* ECF No. 1 ¶ 20), it does not identify any specific provision allegedly violated by Defendant LVNV Funding. *See, e.g., id.* ¶ 14 ("The Defendants violated FDCPA [15 U.S.C. § 1601 et seq]" (bracketed information in original)). Based on the heading of the section of the Complaint devoted to the FDCPA claim ("Attempting to Collect Debt without validation," *id.* at 2), the allegations contained in that section, and the substance of Plaintiff's briefing, the Court liberally construes the Complaint as alleging a violation of 15 U.S.C. § 1692g(b).

Under § 1692g, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall … send the consumer a written notice" containing information about the debt. 15 U.S.C. § 1692g(a). The consumer then has thirty days after receipt of the notice to dispute the validity of the debt. *See id.* § 1692g(b). If the debt is disputed, "the debt collector shall cease collection of the debt … until the debt collector obtains verification of the debt or a copy of a judgment …, and a copy of such verification or judgment … is mailed to the consumer by the debt collector." *Id.* "A collector, notified that a debt is disputed, thus has a choice": "the collector 'may provide the requested validations and continue their [sic] debt collection activities, or [it] may cease all collection activities.'" *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007) (alterations in original) (quoting *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997)).

Defendant LVNV Funding requests dismissal on the basis that there are no allegations that it engaged in debt collection activities. However, Plaintiff contends

Defendant LVNV Funding engaged in debt collection activities prohibited by § 1692g(b) by continuing to report the debt to credit reporting agencies after he disputed the debt.

The Federal Trade Commission—the agency that administers the FDCPA—has taken the position that it is not permissible for a debt collector to report a debt to credit reporting agencies after receiving, but before responding to, a consumer's dispute notice. *See* Staff Opinion Letter, 1997 WL 33791232, at *1 (Dec. 23, 1997). While an informal opinion letter from a regulatory agency is not entitled to *Chevron* deference, it is nevertheless entitled to respect to the extent that it is persuasive. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). The Staff Opinion Letter reasons that the reporting of a debt to credit reporting agencies is a debt collection activity because "debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." Staff Opinion Letter, 1997 WL 33791232, at *1. This Court joins a number of other district courts in finding this reasoning persuasive. *See, e.g., Moscona v. Cal. Bus. Bureau, Inc.*, No. 10-CV-1468 BEN (CAB), 2011 WL 5085522, at *3 (S.D. Cal. Oct. 25, 2011) ("If a debt collector reports a debt to the credit reporting agency before validating the debt, this is a violation of Section 1692(g)."); *Ewers v. Rainmaker Recovery 3, Inc.*, 393 F. Supp. 3d 614, 621 (E.D. Mich. 2019) ("[T]he concern expressed in the FTC letter … is well-founded. A credit rating is extremely important to consumers, and can affect the ability to obtain credit, the rate of interest on loans, and even insurance rates. The reporting mechanism can thus pressure the consumer to pay the debt, perhaps to an even greater extent that a letter or a telephone call, and it serves the same purpose. In practical terms, and in view of the liberal construction owed to remedial statutes such as the FDCPA, it is an attempt to collect a debt."); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) ("This Court finds the FTC's reasoning persuasive. The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with

the views of the FTC … the Court finds that Midland was engaged in 'collection of the debt' in violation of § 1692g(b) when it reported Edeh's disputed debt to the CRAs before sending verification of that debt to Edeh."). The Court concludes that the allegation that Defendant LVNV Funding continued to report the disputed debt to credit reporting agencies is sufficient at this stage to demonstrate that Defendant LVNV Funding did not "cease collection of the debt" within the meaning of § 1692g(b). Defendant LVNV Funding's request to dismiss the FDCPA claims on the basis that the Complaint does not allege debt collection activities is denied.

Defendant LVNV Funding alternatively requests dismissal on the basis that the FDCPA claim is barred by the one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs."). However, the Complaint alleges Defendant LVNV Funding continues to violate § 1692g(b) by reporting the disputed debt to credit reporting agencies. In light of the Court's holding that the alleged reporting of the disputed debt is a debt collection activity under § 1692g(b), the Court finds the Complaint adequately alleges facts at this stage to demonstrate that the FDCPA claims are not barred by the statute of limitations. Defendant LVNV Funding's motion to dismiss is denied.[6]

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant LVNV Funding (ECF No. 7) is denied.

///

---

[6] The Court makes this ruling solely on the bases for dismissal raised by Defendant LVNV Funding in its Motion to Dismiss. The Court does address the sufficiency of the allegations as to any other elements of the FDCPA claim.

IT IS FURTHER ORDERED that the Motions to Dismiss filed by Defendants Daniel Picciano and Bryan Faliero (ECF Nos. 8-9) are granted pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: May 26, 2023

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court